## BAILEY *v.* MURPHY.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

ATTORNEY AND CLIENT—LIEN—SETTLEMENT BY PARTIES.

Where defendant settled with plaintiff for a judgment obtained against him, and plaintiff at once left the state without informing his attorney of the settlement, and apparently in order to avoid being a witness in a criminal proceeding against defendant, the attorney's lien for costs was not destroyed, though defendant did not have actual notice of such lien.[1]

Appeal from special term, Rockland county.

Action by William F. Bailey against Nicholas Murphy. From an order setting aside a satisfaction of judgment rendered in such action, and permitting plaintiff's attorney to enforce a lien for costs and attorney's fees, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Irving Brown,* for appellant. *Alonzo Wheeler,* for respondent.

BARNARD, P. J. The plaintiff recovered a judgment against the defendant for $1,000 damages and $132.92 costs, in May, 1888. The costs were not paid to the plaintiff's attorney, but the plaintiff settled the judgment under circumstances which justify the inference that the settlement was made to enable the defendant to remove the plaintiff as a witness against the defendant upon an indictment pending against him, as the plaintiff at once left the state. The judgment was not canceled until after the plaintiff had absconded from the state. The amount paid to settle the claim was only $300. The attorney's bill was the subject of conversation at the settlement, and the defendant stated that the plaintiff promised to pay these costs. The good faith of this pretense is very doubtful, when the case shows that the plaintiff went out of the state at once, and before the plaintiff's attorney was informed of the settlement, and under circumstances which indicated fraud and collusion between the parties to the injury of the plaintiff's attorney. A settlement does not destroy the lien of the attorney, if made without his consent. *Coster* v. *Ferry Co.,* 5 Civil Proc. R. 146, affirmed 98 N. Y. 660; *Quinlan* v. *Birge,* 43 Hun, 483. The cases cited which hold that notice of the lien as to compensation, in addition to the taxable costs, is necessary, all refer to a settlement in good faith. Here, as has been observed, the settlement was not made in good faith. The order should be affirmed, with costs. All concur.

---

[1] Respecting attorneys' liens for fees on judgments recovered for their clients, see Weeks v. Circuit Judges, (Mich.) 41 N. W. Rep. 269, and note; Rowe v. Fogle, (Ky.) 10 S. W. Rep. 426.